**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0004805**
**29-AUG-2014**
**09:00 AM**

NO. CAAP-13-0004805

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE INTEREST OF KG

APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-S NO. 10-0045)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Appellant Father (**Father**) appeals from the Order
Awarding Permanent Custody and Establishing a Permanent Plan,
filed on September 27, 2013 in the Family Court of the Third
Circuit (**Family Court**),[1] which terminated Father's parental
rights to his child (**KG**).

On appeal, Father contends that the Family Court (1)
erred by terminating his parental rights because he was
incarcerated, (2) violated his due process rights because the
Family Court did not allow him to appear by telephone at the
termination hearing, and (3) erred by entering a default judgment
against him.

Upon careful review of the record and the briefs
submitted by the parties and having given due consideration to
the arguments advanced and the issues raised by the parties, we
resolve Father's points of error as follows:

---

[1] The Honorable Lloyd Van De Car presided.

As Father argues, an incarcerated parent has the right to participate by telephone in a termination of parental rights hearing. In re T.H. and K.H., 112 Hawai'i 331, 335, 145 P.3d 874, 878 (App. 2006). In this case, the Family Court attempted to make telephone contact with Father, as Father's counsel stated that arrangements were made for Father to appear by telephone for the hearing because he was incarcerated. The court's attempts to get Father on the telephone were unsuccessful. However, the record does not indicate the reason Father did not appear by telephone. Thus, it appears that the Family Court erred by finding that Father failed to appear and erred in defaulting him. Id. at 336, 145 P.3d at 879. Nevertheless, we conclude that the error was harmless error because there was clear and convincing evidence in the record that Father could not provide a safe family home, even with the assistance of a service plan, and that it was not reasonably foreseeable that Father would become willing and able to provide a safe family home, even with the assistance of a service plan, within a reasonable period of time, which shall not exceed two years from the date upon which KG was first placed under foster custody. See id.

Although Father states in his points of error that he challenges Findings of Fact Nos. 84-86 and 88-94, Father does not point to any evidence to support that the challenged findings of fact are clearly erroneous, and none can be found in the record on appeal. When Father's paternity was established in March 2012, Father was provided a service plan with the goal of reunification with KG. Father had failed to successfully participate in any services in accordance with the service plan as of the time of the termination of parental rights hearing on September 5, 2013. The record is unclear exactly which time periods Father was incarcerated; however, the record indicates that at the time of the termination of parental rights hearing, it appeared that Father would be incarcerated until December of 2014, and possibly for an additional four years. KG had been placed into foster custody as an infant on October 14, 2010. There was no evidence that Father successfully participated in

any services, even after the establishment of a service plan, and therefore he failed to address the concerns of Department of Human Services (**DHS**) about his parenting ability and KG's safety. We conclude that there was clear and convincing evidence that Father could not provide a safe family home, even with the assistance of a service plan, and that it was not reasonably foreseeable that Father would become willing and able to provide a safe family home, even with the assistance of a service plan, within a reasonable period of time, which shall not exceed two years from the date upon which KG was first placed under foster custody. The record is also clear that Father's parental rights were not terminated solely based on the fact of his incarceration. Rather, confinement was permissibly considered as a factor in the decision concerning whether he could provide a safe family home in the foreseeable future.

Therefore, the Family Court's September 27, 2013 Order Awarding Permanent Custody and Establishing a Permanent Plan is affirmed.

DATED: Honolulu, Hawai'i, August 29, 2014.

On the briefs:

Rebecca A. Copeland
for Appellant-Father

Sandra L.S. Freitas
Mary Anne Magnier
Deputy Attorneys General
for Appellee
DEPARTMENT OF HUMAN SERVICES

Presiding Judge

Associate Judge

Associate Judge